UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20737
Summary Calendar

_____

ANDREA ESTELLE; SHERRYE REESE; ROXANE MIHEALSICK,

Plaintiffs-Appellants,

versus

CONTINENTAL AIRLINES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-4346)

_____

May 20, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Andrea Estelle, Sherrye Reese, and Roxane Mihealsick appeal the adverse summary judgment in their action under the Railway Labor Act (RLA). (Because the district court held that it lacked subject matter jurisdiction over the RLA claims, it also dismissed the state law claims. The latter are not in issue.)

We review a summary judgment *de novo*, applying the same standard as the district court. *E.g.*, **OHM Remediation Services v. Evans Cooperage Co., Inc.**, 116 F.3d 1574, 1579 (5th Cir. 1997). Such judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment as a matter of law." FED. R. CIV. P. 56(c).

Estelle and Reese claim that Continental violated 45 U.S.C. § 152 by removing them from service as flight attendants for 11 days with pay, because they actively opposed a new collective bargaining agreement; Mihealsick claims that, for the same reason, other actions by Continental forced her to return from the training center to service as a flight attendant. The district court granted summary judgment because plaintiffs' claims fell within none of the exceptions to the System Board of Adjustment's exclusive jurisdiction over disputes under RLA collective bargaining agreements. Pursuant to our *de novo* review of the record and our review of the briefs, summary judgment was proper, for essentially the reasons stated by the district court. *See **Estelle v. Continental Airlines, Inc.,*** No. H-96-4346, memorandum and order (July 16, 1998).

*AFFIRMED*